UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEPHEN HANNA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:24-cv-00514-JMS-MJD |
| | ) | |
| VANIHEL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

Petitioner Stephen Hanna seeks a writ of habeas corpus under 28 U.S.C. § 2254. [Filing No. 1.] He challenges prison disciplinary proceeding ISR 20-08-0035 in which he was found guilty of Offense A-117, Battery Against a Staff Person, where the underlying battery charged was throwing a urine-smelling liquid on a Correctional Officer, and was sanctioned with the imposition of a 180-day loss of good-time credit and other non-custodial sanctions not relevant here. [Filing No. 18-4.] He alleges that the discipline was imposed in violation of his due process rights. Also pending before the Court is Mr. Hanna's Motion to Address Video Evidence pertaining to certain evidence that the Respondent included in its response to Mr. Hanna's Petition. [Filing No. 27.] The Motions are ripe for the Court's consideration.

For the reasons explained below, Mr. Hanna's due process rights were violated by the disciplinary hearing and his habeas petition is **GRANTED**.

## I.
### MOTION TO ADDRESS VIDEO EVIDENCE

In his Motion to Address Video Evidence, Mr. Hanna states that he "would like to bring to question the credibility" of the still pictures that were relied upon to determine his guilt and

1

submitted *ex parte* by the Respondent in response to his Petition for a Writ of Habeas Corpus because it is impossible to identify Mr. Hanna as the individual who committed the offense and it is impossible to see any fluid "flying out of" a cell. [Filing No. 27 at 2 (citing Filing No. 22 (ex parte still photographs taken from camera footage)).] The Respondent did not respond to Mr. Hanna's motion.

Because it is evident that Mr. Hanna filed his Motion to Address Video Evidence in direct response to arguments raised by the Respondent in opposition to his Petition for a Writ of Habeas Corpus, the Court **GRANTS** the motion, [Filing No. 27], construes the arguments presented as supplemental to Mr. Hanna's reply in support of his Petition, and considers them below to the extent they are relevant. *Williams v. DeJoy*, 88 F.4th 695, 702 (7th Cir. 2023) (holding that "district courts can 'recharacterize the motion in order to place it within a different legal category' to 'create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.'") (quoting *Castro v. United States*, 540 U.S. 375, 381-82 (2003)).

## II.
### PETITION FOR A WRIT OF HABEAS CORPUS

**A.    Legal Background**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.      Factual Background

On August 7, 2020, Officer D. McDonald wrote a Conduct Report charging Mr. Hanna with Offense A-117, Battery Against a Staff Person, which prohibits in relevant part, "[c]ommitting battery against a staff person . . . ." [Filing No. 1-1 at 5; Filing No. 18-9 at 3.] The Conduct Report states:

> On 8-06-2020 at approximately 11:30 am, I Officer McDonald was walking to the end of GCH recreation cages to deliver appeal forms to another Offender that requested items. While walking to the end of the recreation cages my upper torso was saturated with a urine smelling liquid. Delivered stated items and exited GCH recreation. No force was used.

[Filing No. 1-1 at 5.]

It appears that after Mr. Hanna's disciplinary hearing on January 13, 2021, [Filing No. 18-4], a rehearing was ordered on March 22, 2021, [Filing No. 18-7]. After the rehearing was ordered, Mr. Hanna was screened on April 5, 2021, notified of the charge, and pled not guilty. [Filing No. 18-2.] He requested to call three incarcerated witnesses: Bennie Riley, Alonzo Williams, and Eddie Howard. [Filing No. 18-2.] He did not request any physical evidence. [Filing No. 18-2.]

The witnesses provided the following written statements:

- Mr. Riley stated that he was the one who committed the instant offense and that he was in the cell next to Mr. Hanna.

- Mr. Williams stated that an inmate in a cell next to Mr. Hannah committed the instant offense.

- Mr. Howard stated that he witnessed an Officer antagonizing, aggravating, and belittling Mr. Hanna after which a verbal altercation ensued, but that he did not hear or see a physical altercation between the Officer and Mr. Hanna.

[Filing No. 18-5.]

The disciplinary rehearing at issue occurred on April 9, 2021. [Filing No. 30-1.] Mr. Hanna appeared, pleaded not guilty, and made a statement that "I was the one who asked for an appeal form because she sent me my hearings without an appeal form." [Filing No. 30-1.] On the Report of Disciplinary Hearing, the Disciplinary Hearing Officer ("DHO") checked the following boxes of information that she considered in reaching her decision: "Staff Reports"; "Statement of Offender"; "Evidence from Witnesses"; and "Physical Evidence (specifically 4 pictures of the incident)." [Filing No. 30-1.]

The DHO found Mr. Hanna guilty, explaining that "DHO believes [Conduct Report] to be true and accurate[.] DHO took into account [Conduct Report], offender statement, witness statement, 4 pictures." [Filing No. 30-1.] Mr. Hanna was sanctioned with the imposition of a 180-day loss of good-time credit, among other non-custodial sanctions not relevant here. [Filing No. 30-1.]

Mr. Hanna appealed to both the Facility Head and the Indiana Department of Correction Final Reviewing Authority, who both denied his appeals. [Filing No. 18-6; Filing No. 18-8.] Mr. Hanna then brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Filing No. 1.] He asserts that his due process rights were violated because: (1) the DHO only considered Mr. Howard's statement and did not consider Mr. Riley's and Mr. Williams's statements, which exculpate Mr. Hanna; and (2) he did not receive a fair hearing before an impartial decisionmaker.

**C.     Analysis**

    *1.     Failure to Consider Witness Statements*

Mr. Hanna argues that he was denied his right to present a defense because the DHO failed to consider the witness statements from Mr. Riley and Mr. Howard, which are exculpatory and could have affected the DHO's decision. [Filing No. 1 at 3.]

4

The Respondent asserts that the "DHO received, considered, and rejected the testimony of [Mr.] Hanna's witnesses" and that the DHO is not required to believe the evidence from Mr. Hanna's witnesses. [Filing No. 18 at 9-10.] The Respondent also asserts that "[i]t's not clear if [Mr.] Hanna is making a quantitative argument, but as few as one witness can be enough to meet the 'some evidence' standard of *Hill*" and that the Conduct Report alone is enough to meet the some evidence standard. [Filing No. 18 at 9.]

In reply, Mr. Hanna reiterates his argument and highlights that on the Report of Disciplinary Hearing, the DHO wrote that she considered a "witness statement," singular. [Filing No. 28 at 1-2.] And in response to the Respondent's argument that the Conduct Report provides "some evidence" of his guilt, Mr. Hanna argues that the Conduct Report does not even mention him. [Filing No. 28 at 2.]

While inmates are not entitled to the full range of rights afforded to criminal defendants, they are nevertheless guaranteed the right to present relevant evidence in disciplinary proceedings—including witness testimony—unless such evidence is cumulative or poses a legitimate threat to institutional security. *Ellison*, 820 F.3d at 274. Critically, a hearing officer may not "refuse to consider an inmate's evidence simply because other evidence supports a finding of guilt." *Id.*; *see also Pigge v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). That said, the harmless error doctrine applies to prison disciplinary proceedings. *Pigge v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Therefore, if the DHO failed to consider or improperly excluded evidence, the key inquiry becomes whether that evidence could have "aided in [the petitioner's] defense." *Id.*; *see also Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (holding that improperly excluded evidence is harmless unless "the evidence could have aided in the petitioner's defense."). Accordingly, the

Court first addresses whether the DHO considered all of Mr. Hanna's witness statements. If not, the Court then examines whether any failure to consider such evidence was harmless.

a. <u>Whether All Witness Statements Were Considered</u>

The Court has significant concerns regarding whether all of Mr. Hanna's witness statements were considered by the DHO. The Respondent claims that the DHO "received, considered, and rejected the testimony of [Petitioner's] witnesses," yet cites no evidentiary support for this assertion. [Filing No. 18 at 10.] This is troubling by itself, particularly in light of the Report of Disciplinary Hearing where the DHO explicitly notes that only a single "witness statement" was considered. [Filing No. 30-1.] While the DHO did check the box labeled "Evidence from Witnesses," this alone does not resolve the issue, especially given the handwritten notation referencing only one statement. And notably, the Respondent does not offer any explanation, clarification, or argument suggesting that the reference to the single witness statement was erroneous.

Mr. Hanna, for his part, clearly argued that the DHO failed to consider two additional witness statements, both of which he contends are material and exculpatory. Despite this, the Respondent asserts confusion as to the nature of Mr. Hanna's argument—a claim that is both unconvincing and concerning. The Respondent attempts to shift the focus of Mr. Hanna's claim by invoking the "some evidence" standard. [Filing No. 18 at 9.] But this issue does not turn on whether there was some evidence to support the disciplinary decision. Rather, it raises a procedural due process issue: whether the DHO refused or failed to consider Mr. Hanna's evidence. *Ellison*, 820 F.3d at 274. As the Seventh Circuit has emphasized, "[w]hen a prisoner contends that he was denied access to evidence necessary to defend against a disciplinary charge, his claim is

6

properly understood as 'one of procedural due process rather than sufficiency of the evidence.'" *Id.* (quoting *Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989)).

While the record presents a close question, the Court ultimately concludes that the DHO failed to consider all of Mr. Hanna's witness statements. *Ellison*, 820 F.3d at 274 (hearing officer may not "refuse to consider an inmate's evidence simply because other evidence supports a finding of guilt"). The Court proceeds to analyze whether this failure was harmless.

### b. Whether the Failure to Consider the Witness Statements Was Harmless

Here, the witness statements from Mr. Riley and Mr. Williams are plainly exculpatory and could have materially aided in Mr. Hanna's defense. As Mr. Hanna correctly asserts, both statements are direct evidence of innocence that, if credited, would significantly undermine his disciplinary conviction. In light of the substance of Mr. Riley and Mr. Williams's statements that Mr. Hanna was not the individual who committed the offense, the Court cannot conclude that the DHO's failure to consider them was harmless. Because this exculpatory evidence was not considered and might reasonably have affected the outcome, Mr. Hanna's disciplinary proceeding did not satisfy the requirements of due process. *Ellison*, 820 F.3d at 274; *Hill*, 472 U.S. at 454.

Because this issue is dispositive of Mr. Hanna's petition, the Court need not address Mr. Hanna's argument regarding an impartial decisionmaker.

### III.
#### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because Mr. Hanna was denied due process in disciplinary proceeding ISR-20-08-0035, his disciplinary conviction and the sanctions imposed must be **vacated and rescinded**. Mr. Hanna's Motion to Address Video Evidence, [27], and his

7

Petition for a Writ of Habeas Corpus, [1], are **GRANTED**. Mr. Hanna's good-time credits must be **immediately restored**, and his new release date must be calculated accordingly.

Final judgment shall issue by separate order.

Date: 4/30/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

STEPHEN HANNA
967422
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only